UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DARREN LEE,

                                                      Plaintiff,

                -against-                          **FIRST AMENDED COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER       09 CV 3536 (RRM) (RML)
ELMORE MCDONALD, tax # 929548, POLICE
OFFICERS JOHN DOES 1-3,                          <u>Jury Trial Demanded</u>

                                                    Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and New York City Police Officers. Plaintiff alleges that, on June 10, 2009, New York City Police Officers, acting in concert, falsely arrested him and illegally strip searched him in violation of the Fourth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York state law.

  4. A notice of claim was duly filed with the City of New York within 30 days after the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claims.

  5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

  6. Plaintiff is a resident of the State of New York, County of Kings.

  7. The City of New York is a municipal corporation organized under the laws of the State of New York.

  8. Elmore McDonald and John Does 1-3 are New York City Police Officers who were employed in PSA 3 when they arrested and strip searched plaintiff. These officers were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. McDonald and the other officers are sued in their individual capacities.

## STATEMENT OF FACTS

  9. On June 10, 2009, at approximately 9:45 p.m., plaintiff was walking to his home located at 587 Park Avenue, Brooklyn, New York, in the Marcy Houses.

  10. When plaintiff was in the vicinity of 41 Nostrand Avenue, an unmarked mini van pulled up near plaintiff and four police officers, including Elmore McDonald, in plainclothes exited the van.

  11. One of the officers, an overweight black man in his 40s, possibly Elmore McDonald, walked over to plaintiff and ordered him to turn around.

12. Plaintiff complied and the officer handcuffed and searched plaintiff without plaintiff's consent.

13. No illegal contraband was found on plaintiff.

14. The officer found merely the prescription medicine Viagra in plaintiff's right front pocket.

15. Plaintiff had not violated the law by being in possession of Viagra.

16. The officer brought the medicine over to the other officers.

17. The four officers had a conversation.

18. A few minutes later, the officer brought plaintiff over to the mini van and placed him inside.

19. The other three officers watched this unlawful arrest take place but they failed to intervene on plaintiff's behalf.

20. Plaintiff asked the officer what was happening and the officer responded that he was arresting plaintiff for possession of a controlled substance.

21. All four officers entered the van and plaintiff was driven around the East New York section of Brooklyn for approximately one hour as the officers looked for other people to arrest.

22. Eventually, the officers took plaintiff to Precinct PSA 3.

23. The officer who handcuffed plaintiff and a second officer brought plaintiff to the desk officer.

24. A few minutes later, the second officer, possibly McDonald, brought plaintiff to a precinct bathroom and illegally strip searched him.

25. The officer ordered plaintiff to squat and spread his buttocks.

26. No illegal contraband was found on plaintiff

27. Because the officer did not close the bathroom door during the strip search, a female officer in uniform sitting nearby was in a position to observe plaintiff's private areas.

28. The strip search of plaintiff was illegal because it was not conducted in private and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

29. After the strip search, the officer who strip searched plaintiff placed plaintiff in a cell.

30. Plaintiff spent the night in the cell sitting on a bench unable to sleep.

31. While plaintiff was incarcerated in the precinct, Officer McDonald, in accordance with a conspiracy with the other arresting officers, prepared police reports which falsely stated that plaintiff was found in possession of a controlled substance.

32. On June 11, 2009, unidentified officers took plaintiff to Brooklyn Central Booking.

33. During the time that plaintiff was held in Brooklyn Central Booking, he was housed in several cells, all of which were severely overcrowded, filled with garbage, infested with insects and rodents, and lacking bedding and adequate toilet facilities.

34. While plaintiff was incarcerated in Brooklyn Central Booking, Officer McDonald, in accordance with a conspiracy with the other arresting officers, misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of a controlled substance.

35. During the afternoon of June 12, 2009, plaintiff was released from Central Booking without being charged because the District Attorney's Office declined prosecution.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of liberty, emotional distress, mental anguish, fear, anxiety, humiliation, and damage to reputation.

## FIRST CLAIM

### (FALSE ARREST)

37. Plaintiff repeats the foregoing allegations.

38. Because defendants arrested plaintiff without probable cause, as described herein, defendants are liable under the Fourth Amendment and New York state law for false arrest.

## SECOND CLAIM

### (ASSAULT AND BATTERY)

39. Plaintiff repeats the foregoing allegations.

40. Because plaintiff was handcuffed and searched without cause or consent, defendants are liable under New York state law for assault and battery.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH)

41. Plaintiff repeats the foregoing allegations.

42. Because the strip search of plaintiff in PSA 3 was not conducted in private and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes, defendants are liable under the Fourth Amendment for the illegal strip search.

## FOURTH CLAIM

### (MONELL)

43. Plaintiff repeats the foregoing allegations.

44. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

45. Upon information and belief, the City of New York, at all relevant times, was aware that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

46. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.

47. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

48. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

49. The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth Amendment.

## SIXTH CLAIM

### (RESPONDEAT SUPERIOR)

50. Plaintiff repeats the foregoing allegations.

51. Because Officer McDonald and the other arresting officers were acting within the scope of their employment as New York City Police Officers when plaintiff was falsely arrested, handcuffed and searched without cause consent, and illegally strip searched, the City of New York is vicariously liable under state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as this Court may deem just and proper.

DATED:    December 24, 2009
              Brooklyn, New York

/s/
_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391